MHW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOHAMMED REZA GHAFFARPOUR, )
)
Plaintiff/Petitioner, )
) No. 06 C 3842
v. )
) Judge John W. Darrah
ALBERTO R. GONZALEZ, Attorney )
General of the United States, et al., )
)
Defendants/Respondents. )

## MEMORANDUM OPINION AND ORDER

In July of 2006, Plaintiff, Mohammed Ghaffarpour, brought suit seeking naturalization as a United States citizen under 8 U.S.C. § 1447(b) after the Immigration and Naturalization Service failed to make a determination on his 2002 application for U.S. citizenship within 120 days of his examination under § 1446. On January 30, 2008, this Court held a hearing at which only Plaintiff testified and at which the Government offered two exhibits. Plaintiff and the Government have also submitted written arguments. Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law.

## CONCLUSION OF LAW

Plaintiff applied for citizenship under Section 316 of the Immigration and Nationality Act, 8 U.S.C. § 1427. Section 316 requires that the applicant have an understanding of the English language, have a knowledge of the history and principles of the United States government, and meet certain residency requirements. 8 U.S.C. §§ 1427(a)(1), 1423(a)(2). Additionally, Section 316 imposes a three-part requirement that the applicant must be "a person of good moral character, attached to the principles of the Constitution of the United States, and

well disposed to the good order and happiness of the United States." 8 U.S.C. § 1427(a)(3). It is this last set of requirements that the Government argues that Plaintiff does not meet.

Determinations of good moral character are made on a case-by-case basis in accordance with the "generally accepted moral conventions current at the time." *Repouille v. United States*, 165 F.2d 152, 153 (2nd Cir. 1947). *See also* 8 C.F.R. § 316.10(a)(2) ("[T]he Service shall evaluate claims of good moral character on a case-by-case basis taking into account . . . the standards of the average citizen in the community of residence."). As with the other requirements for citizenship, the applicant bears the burden of establishing good moral character. *See Berenyi v. INS*, 385 U.S. 630, 637 (1967); 8 C.F.R. § 3116.10(a)(1) ("an applicant for naturalization bears the burden of demonstrating . . . good moral character").

## FINDINGS OF FACT

The Government raises two grounds for its claim that Plaintiff lacks the required good moral character. First, the Government claims that Plaintiff lied about owning two plots of land in Iran. Second, the Government points to a protective order entered against Plaintiff in favor of his former wife, Homa Afjeh-Sadat.

With respect to the Iranian property allegedly owned by Plaintiff, the Government points to Plaintiff's divorce decree in which the state court judge found that Plaintiff owned the properties in question. At the hearing before this Court, Plaintiff denied ever owning the land. The Government argues that Plaintiff's denials of ownership were untruthful and that his false testimony on this issue shows a lack of good moral character. Plaintiff argues that he has consistently denied owning an interest in the properties. Plaintiff testified that he would have received the properties as compensation had he accepted a teaching position in Iran. However,

2

he did not take the position and, thus, never acquired the properties. Plaintiff argues that the state court's finding that he did own the properties resulted from effective advocacy by his former wife's attorney and his own lack of representation at the divorce hearing. The Court finds Plaintiff's testimony on this matter credible. At the naturalization hearing, Plaintiff offered a persuasive explanation of his past potential ownership of the properties and his subsequent decision to stay in the United States rather than accept the teaching position in Iran and the properties in payment therefor. The Court finds that Plaintiff has not been untruthful as to his denial of ownership of property in Iran.

The Government's next argument is based on the protective order entered against Plaintiff. The protective order prohibits "harassment, interference with personal liberty, intimidation of a dependent, physical abuse, or willful deprivation, neglect or exploitation . . . or stalking" and prohibits Plaintiff from "removing a minor child from the State or concealing the child within the State." See 750 ILCS 60/214. At the hearing, Plaintiff testified that he was not present when the order was entered against him and, as mentioned above, that he was unrepresented at his divorce hearing when the protective order was renewed. Plaintiff testified that the protective order was based on false accusations. In these circumstances, the existence of the protective order does not alone establish that Plaintiff lacks good moral character. There is no evidence before the Court as to what specific acts Plaintiff was alleged to have committed. Plaintiff's testimony that he was at a disadvantage at the divorce hearing in terms of his ability to

3

present his side of the story and was not present when the initial protective order was entered was credible and persuasive. While a record of spousal abuse could, in some cases, lead to a finding of lack of good moral character, the evidence before the Court does not establish that this is such a case; and the Court so finds.

Based on all of the evidence, particularly the testimony of Plaintiff, the Court finds the Plaintiff to be a person of good moral character. The Government's final argument is that Plaintiff's multiple visits to Iran in recent years show that he is "not attached to the principles of the United States Constitution" and that he is "not well disposed to the good order and happiness of the United States." Plaintiff testified that his visits to Iran were for the purpose of attending scientific seminars and conferences and for the purpose of visiting his family, including his ailing, now deceased, parents. Plaintiff's testimony on this issue was credible and persuasive. The Court finds that the Plaintiff is a person attached to the principles of the United States and well disposed to the good order and happiness of the United States.

## DECISION

Therefore, Plaintiff meets all of the requirements of Section 316; and Plaintiff's application for naturalization is granted. The matter is set for status on June 5, 2008, for scheduling of the administration of the oath of allegiance to the United States.

Dated: 5-29-08

JOHN W. DARRAH
United States District Court Judge

4